MICHELLE R. GHIDOTTI-GONSALVES, ESQ. (027180)
THE LAW OFFICES OF MICHELLE GHIDOTTI
1920 Old Tustin Ave.
Santa Ana, CA 92705
Tel: (949) 427-2010
Fax: (949) 427-2732
Email: mghidotti@ghidottilaw.com

Attorneys for Creditor
US Bank N.A. as Trustee, for the Registered Holders of CSMC Asset-Backed Trust 2007-NC1 OSI, CSMC Asset-Backed Pass-Through Certificates, Series 2007-NC1 OSI, its successors and assigns.

UNITED STATES BANKRUPTCY COURT

DISTRICT OF ARIZONA – TUCSON DIVISION

| | |
|---|---|
| In re: | Case No. 4:18-bk-06192-SHG |
| RYAN JOSHUA EAGLEN AND PATRICIA EAGLEN, | MRG-1 |
| Debtors. | Chapter 13 |
| | OBJECTION TO CONFIRMATION OF DEBTORS' CHAPTER 13 PLAN |
| | Property: 5418 S. Pine Way, Tucson, AZ 85706 |

TO THE HONORABLE SCOTT H. GAN, UNITED STATES BANKRUPTCY JUDGE, THE DEBTORS, THEIR ATTORNEY OF RECORD AND THE CHAPTER 13 TRUSTEE, DIANNE C. KERNS:

US Bank N.A. as Trustee, for the Registered Holders of CSMC Asset-Backed Trust 2007-NC1 OSI, CSMC Asset-Backed Pass-Through Certificates, Series 2007-NC1 OSI NP 162, LLC, ("**Creditor**"), a secured creditor of the above-named Debtors, hereby objects to the Confirmation of Debtors' Chapter 13 Plan. This objecting Creditor holds a deed of trust on the Debtors' real property commonly described as 5418 S. Pine Way, Tucson AZ 85706 (the "**Property**"), which is Debtors' principal residence.

I

**STATEMENT OF FACTS**

1. On or about February 12, 2007, Debtors made, executed, and delivered a Note in the principal sum of $39,000.00 (the "**Note**") to New Century Mortgage Corporation.

2. The Note is secured by a Deed of Trust recorded on February 16, 2007, in the Official Records of Pima County, as Instrument No.: 20070330619, which encumbers the Property (the "**Deed of Trust**").

3. All beneficial interest under said Deed of Trust was transferred thereafter by an Assignment of Deed of Trust to Creditor.

4. Creditor is the current holder of all right, title, and interest in the Note and Deed of Trust.

5. Debtors filed the instant bankruptcy petition, (the "**Instant Petition**"), under Chapter 13 of the Bankruptcy Code on May 30, 2018.

6. As of May 30, 2018, the date Debtors filed the instant Chapter 13 Bankruptcy petition, the arrears owed to Creditor totaled no less than $ 42,010.49.

7. Debtors filed a proposed plan (the "**Plan**") on May 30, 2018.

8. Debtors' Proposed Plan does not provide for payment of any arrears owed to

Creditor.

9. Debtors' Proposed Plan provides for the avoidance of Creditor's Lien.

10. Debtors do not provide evidence of the value of the Property and Debtors have not filed a Motion to Value.

11. Creditor is in the process of ordering an Appraisal of the Property to establish the value of the Property.

12. Creditor has not received a post-petition payment from Debtors.

## II

## ARGUMENT

### A. **IMPERMISSIBLY MODIFIES CREDITOR'S RIGHTS**
11 U.S.C. §1322(b)(2)

The Plan modifies the rights of a creditor whose claim is secured only by a security interest in real property that is Debtor's principal residence in violation of 11U.S.C. §1322(b)(2) by: (1) not providing for cure of Creditor's arrears and (2) not providing for ongoing payments to Creditor. Debtor's Plan indicates he intends to avoid the lien of Creditor. The Debtor filed a Motion to Value the Property. Creditor is informed and believes that the value of the Property exceeds that as alleged by the Debtor and the Debtor may not avoid Creditor's lien on Debtor's Principal residence. Creditor has not yet had an opportunity to conduct an appraisal of the property. Until the value of the Property is determined, or an adversary proceeding is brought forth, the Debtor's Chapter 13 Plan must provide for ongoing monthly payments to Creditor in the amount of $341.97.

### B. **DEBTORS MUST MAKE CREDITOR'S SECURED COLLATERAL AVAILABLE FOR APPRAISAL**
Local rule 2084-9(c)

Local Rule 2084-9(c) states that a secured creditor who disagrees with the valuation of

a creditors secured claim in the plan and who files an objection to the plan, shall have the opportunity to appraise the collateral and the Debtors shall make the collateral available to do so.

A lien strip Motion is imminent to avoid Creditor's lien. Creditor believes the value of the Property exceeds the amount Debtors allege is owed the first position lienholder. Accordingly, Creditor believes its lien is secured and a lien strip motion is therefore inappropriate.

The Debtors must make the Property available to Creditor to obtain its own appraisal of its secured collateral. Until such time as the Property value is established, the Debtor must provide for on-going monthly payments to Creditor in the amount of $341.97. The Debtors' Plan must also provide for cure of the pre-petition arrears owed to Creditor in the amount of $ 42,010.49. Creditor seeks a continuance in order to obtain an Appraisal and Declaration of the Appraiser.

**C. DOES NOT MEET FULL VALUE REQUIREMENT**
11 U.S.C. §1325(a)(5)(B)(ii)

The Debtors' Plan does not provide for cure of the pre-petition arrears owed to Creditor. The pre-petition arrears owed to Creditor are no less than approximately $ 42,010.49. Debtors' Plan does not provide for payment of any arrears owed to Creditor. Accordingly, Debtors will be required to amend his Plan to fully provide for the pre-petition arrears owed to Creditor. Since Debtors' Plan does not provide for cure of the default of the pre-petition arrears owed to Creditor, the Plan does not meet the full value requirement and fails to satisfy 11 U.S.C. §1325(a)(5)(B)(ii).

**D. PROMPT CURE OF PRE-PETITION ARREARS**
11 U.S.C. §1322 (d)

The pre-petition arrears owed to Creditor are no less than $ 42,010.49. In order to cure the Creditor's pre-petition arrears in sixty (60) months as proposed, Debtors' monthly plan payment

to Creditor must total no less than $700.17. Debtors' Plan does not provide for payment of Creditor's arrears in any amount. Therefore, Debtors' Plan fails to provide for prompt cure of Creditor's pre-petition arrears.

WHEREFORE, Creditor objects to confirmation of the Plan and requests as follows:

    a) The Plan be denied confirmation and the case be dismissed.

DATED: June 18, 2018          THE LAW OFFICES OF MICHELLE GHIDOTTI

By: /s/ Michelle Ghidotti-Gonsalves, Esq.
    Michelle Ghidotti-Gonsalves, Esq.
    US Bank N.A. as Trustee, for the Registered Holders of CSMC Asset-Backed Trust 2007-NC1 OSI, CSMC Asset-Backed Pass-Through Certificates, Series 2007-NC1 OSI NP 162, LLC